REDMANN, Chief Judge.
“Plaintiffs’ petition for mandamus and preliminary injunction, construed in the light of the earlier petitions, relies exclusively on the theory that a 1964 ten-year voting trust (that authorized a ten-year extension to be created the same day the trust was created) terminated in 1974 because the same-day extension violated then R.S. 12:33’s limitation of voting trusts to ten years by attempting to create in effect a 20-year trust. That petition does not state a cause of action because R.S. 12:33 contains no limitation on the authority for a ten-year extension other than that the original trust must authorize it (in detail).”
In those unpublished words on November 10,1982 we responded to plaintiffs’ application to our supervisory jurisdiction for review of the trial court’s refusal of mandamus or injunction to enforce their rights as 50% shareholders despite their shares’ having been in 1964 placed in a ten-year voting trust with ten-year extension by the then owner.
We deemed .it appropriate to review the trial court’s ruling under our supervisory jurisdiction, rather than await appeal, because trial court delays (for whatever reason) were consuming the little remaining time before September 17, 1984, when the voting trust at issue would by its terms end. The parties were fighting over a period then less than two years and it would have been a denial of justice to oblige them to await the several months that review by appeal would have consumed. Our action was, in effect, the grant of certiorari, and an affirmation of the trial court’s refusal of mandamus and injunction, although on grounds different from the trial judge’s grounds. Perhaps more accurately we should have used the decree “affirmed” rather than “writ denied.” In any case, the supreme court refused writs, 423 So.2d 1177, with two dissents.
*393 Meanwhile plaintiffs had also filed an appeal of the same ruling of the trial court. We dismissed that appeal, with one dissent, on the theory that we had already ruled on the judgment appealed from. The supreme court granted writs and reinstated plaintiffs’ appeal, with three dissents, 432 So.2d 263. The plaintiffs’ brief notes:
“The plaintiffs therefore appeal from the trial court’s judgment of September 30, 1982, and seek a decision in this Court holding that the ‘extended’ voting trust is invalid as a matter of law, and recognizing the rights of plaintiffs as shareholders of Wembley.”
Plaintiffs’ argument in brief demonstrates that the fundamental issue remains whether the voting trust extension is effective. If so, plaintiffs’ complaints of being denied summary procedure for mandamus and for injunctive relief do not require discussion.
Plaintiffs argue that a 20-year trust was in effect created by executing the voting trust agreement for the statutory ten-year maximum and on the same day (as the trust authorized) executing an extension until ten years after the expiration of the original agreement. Plaintiffs argue that a 20-year trust is prohibited by the law expressly limiting a voting trust to ten years.
We concede that the effect approaches that of a simple 20-year trust, but the difference is that no one was bound to 20 years by one agreement: a second agreement was necessary. Either one of the two 50% shareholders had the power to vote against the extension. But plaintiffs argue that, without the passage of some reasonable time, neither shareholder had a reasonable basis upon which to vote on the extension, and that the statute therefore implies that the trust must be in effect for some reasonable time before an extension can be voted. If we accept that argument, then what is a reasonable time for two 50% shareholders who have had the experience of being 50% shareholders, each unable to act without the other? Is not that experience the same as that they would gain as equal co-trustees of their voting trust? To require them to wait even a single day would not better qualify them to vote on their extension agreement.
We do not accept plaintiffs’ argument that we should read into the statute a limit that the legislature did not place. The legislature presumably could have allowed a 20-year trust (as it now allows a 15-year trust, R.S. 12:78 A (1968 rev.)), and we therefore find no objection to the legislature’s having allowed a ten-year trust with a ten-year extension, so unlimited as to the time for execution as to facilitate a near-equivalent to a 20-year trust.
Former R.S. 12:33 A contained no limitation on the authority for a ten-year extension other than that the original trust must authorize it and specify the terms of voting on it. Plaintiffs’ petition for mandamus or injunction, relying exclusively on the theory that this trust’s ten-year extension violated former R.S. 12:33 A, does not state a cause of action.
Affirmed.